IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA A. HOUCK, et al.,** | : | **CIVIL ACTION** |
| Plaintiffs | : | |
| | : | |
| vs. | : | **NO. 15-2275** |
| | : | |
| **MACY'S INC., formerly known as** | : | |
| **FEDERATED DEPARTMENT** | : | |
| **STORES, INC., et al.,** | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                         **February 4, 2016**

## I.  BACKGROUND

Barbara and Charles Houck filed this negligence action in the Court of Common Pleas of Delaware County, against Macy's Inc., and Macy's East, Inc.  This action involves an incident that allegedly occurred at the Macy's Department Store located at the Springfield Mall in Springfield, Delaware County on February 14, 2013.  The defendants removed the case to federal court based on the diversity of citizenship of the parties and an amount in controversy exceeding $75,000.  The plaintiff filed a motion to remand the case to the Court of Common Pleas of Delaware County, claiming that the defendants could not carry their burden of establishing complete diversity.  For the following reasons, I will deny the motion in its entirety.

## II.  STANDARD

Defendants in state court actions have a statutory right to remove "any civil action brought in a state court of which the district courts of the United States have original

jurisdiction . . . to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Federal district courts have original (subject matter) jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000.00, excluding interest and costs.  See 28 U.S.C. § 1332(a).  Complete diversity between all plaintiffs and defendants is required to remove a case on the basis of diversity jurisdiction.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); Strawbridge v. Curtiss, 7 U.S. 267, 267–68 (1806).

A defendant may remove a case to an appropriate district court that has jurisdiction.  28 U.S.C. § 14419(a).  The process for removal is governed by 28 U.S.C. § 1446.  Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand."  Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (quotation and citation omitted).  The defendant bears the burden of establishing removal jurisdiction and demonstrating compliance with all pertinent procedural requirements.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1991).

There are limited grounds for remand.  If a federal court determines that it does not have subject matter jurisdiction over a removed action, or if the proper removal procedures were not followed by the defendant, the court must remand the action to state court.  See 28 U.S.C. § 1447(c); Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995).  Aside from these specific exceptions, cases that are properly within the federal court's jurisdiction after removal "may not be remanded for discretionary reasons not

authorized by the controlling statute." Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345 n.9 (1976).[1]

## III.   DISCUSSION

For diversity jurisdiction purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  A subsidiary corporation which is incorporated as a separate entity from its parent corporation is considered to have its own principal place of business when determining diversity jurisdiction.  Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp., 461 F.2d 1140, 1142 (3d Cir. 1972).

Until recently, the Court of Appeals for the Third Circuit applied a "center of corporate activities" test to determine a corporation's "principal place of business," which looked to the corporation's day-to-day activities.  Kelly v. United States Steel Corp., 284 F.2d 850, 854 (3d Cir. 1960).  However, the Supreme Court resolved a circuit split, overruling the Third Circuit's "center of corporate activities" test, and holding that the "nerve center" test governs.  Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).  The "nerve center" test directs courts to look to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  Id. at 93.  The Court held that a corporation's nerve center will generally be "the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of

---

[1] In contrast, a district court has discretion to consider judicial economy, fairness to litigants, and procedural convenience in remanding supplemental state law claims under the doctrine of supplemental jurisdiction when all federal law claims drop out of the lawsuit and only pendant state law claims remain.  Hewlett v. Davis, 844 F.2d 109, 116 (3d Cir. 1988).

3

direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Id.

Therefore, because the appropriate basis for federal subject matter jurisdiction here is diversity of citizenship, I must examine the defendants' principal place of business to make certain that the citizenship of the parties is diverse. The plaintiffs insist that the defendants are citizens of Pennsylvania, citing Delaware County records[1] which list Macy's East as the owner of the site, the entity who pays the related taxes, maintains offices, and otherwise operates the site. The plaintiffs further argue that such state public records are a reliable, verifiable means of identifying an owner and taxpayer of a particular property. While that might be true, however, ownership of a property and paying appropriate taxes on that property do not necessarily satisfy the "nerve center" test. Hertz, 559 U.S. at 92-93 (the "nerve center" test directs courts to look to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities).

The defendants submitted a sworn affidavit from Carl L. Goertemoeller, Senior Vice President of Macy's Retail Holdings, Inc., who indicates that he is familiar with the

---

[1] Specifically, the plaintiffs cite the 2015 Delaware County Tax Records *via* the Delaware County Treasurer's Office and the Delaware County Register of Wills, specifically at folio No.: 42-00-00512-00, to support their allegation that the current owner of the Department Store in question is Macy's East, Inc. See Document #5 at 5. As shown below, however, Macy's East merged into Federated Retail Holdings in 2006. In 2007, Federated Retail Holdings changed its name to Macy's Retail Holdings, Inc., a New York corporation. Macy's Retail Holdings remains the current owner of the Macy's Department Store at the Springfield Mall in Springfield, Pennsylvania.

corporate structure of Macy's Inc., and its wholly-owned subsidiary, Macy's Retail Holdings, Inc., and that he is authorized to make an affidavit on their behalf.  Attached to the affidavit are several exhibits which clearly establish that the defendants are not, in fact, citizens of Pennsylvania for diversity purposes.  Mr. Goertemoeller explained that in 1973, Springfield Associates conveyed the property upon which the Springfield Mall is built to Springpenn Properties, a Pennsylvania corporation and subsidiary of R.H. Macy & Company.  See Exhibit A of Goertemoeller Affidavit.  In 1994, Springpenn merged into Macy's Primary Real Estate, Inc., a Delaware corporation.  See Exhibit B of Goertemoeller Affidavit.  In 1999, Macy's Primary Real Estate conveyed the property to Macy's East, Inc., an Ohio corporation.  See Exhibit C of Goertemoeller Affidavit.  In 2006, Macy's East, Inc., merged into Federated Retail Holdings, Inc., a New York corporation.  See Exhibit D of Goertemoeller Affidavit.  In 2007, Federated Retail Holdings changed its name to Macy's Retail Holdings, Inc., a New York corporation.  See Exhibit E of Goertemoeller Affidavit.

 Mr. Goertemoeller further explained that Macy's Inc., is a Delaware corporation with its principal places of business currently in Cincinnati, Ohio and New York, New York.  See Exhibit F of Goertemoeller Affidavit.  Macy's Retail Holdings, Inc., a New York corporation, was the entity conducting business as "Macy's" at the Springfield Mall on February 14, 2013, the day of the alleged incident here.  Macy's Retail Holdings still owns the real estate upon which the Macy's Department Store at the Springfield Mall is located.

Mr. Goertemoeller further indicated that the core executive and administrative functions of Macy's Inc., are carried out at its principal places of business in Ohio and New York, and have been centralized at these locations since before February 14, 2013, the date of the alleged incident here.  He indicated that the core executive and administrative functions of Macy's Retail Holdings, Inc., are carried out at its principal place of business in Ohio, and have been centralized there since before the alleged incident.

There is no doubt that Macy's does business in Pennsylvania, but doing business does not equate to being a "nerve center."  See Hertz, 559 U.S. at 93.  The defendants have established by a preponderance of the evidence that they are neither incorporated in Pennsylvania nor have principal places of businesses here.  The defendants, therefore, satisfy the requirements for diversity of citizenship.  See 28 U.S.C. § 1332(c)(1).  Accordingly, I will deny the motion to remand.

An appropriate Order follows.